**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**RHONDA J. DYKES**                                                                      **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:10cv119KS-MTP**

**SEARS, ROEBUCK AND CO.,**
**AND JOHN DOES A, B & C**                                                      **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#24]** filed on behalf of the

defendant, Sears, Roebuck and Co., ("Sears").  The court, having reviewed the motion,

the response, the briefs of counsel, the pleadings and exhibits on file and being fully

advised in the premises finds that the motion is not well taken and should be denied.

The court specifically finds as follows:


**BACKGROUND**

The Plaintiff, Rhonda J. Dykes filed a Complaint on or about May 14, 2010,

wherein she alleged that she had sustained serious injuries as a result of various

defects in a Sears Craftsman Riding Lawnmower Model DYT4000, Serial No.

101404B003516.  Dykes' cause of action arises out of an accident on or about May 26,

2008 wherein Dykes sustained injuries due to various alleged defects in the subject

tractor.

In her Complaint, Dykes alleges that the "lawnmowers and other equipment

[were] designed and manufactured by Sears and/or an unknown John Doe defendant."

On November 12, 2010, Sears filed its Motion to Dismiss based upon Mississippi's "innocent seller defense."  In support of its motion, Sears submitted the Affidavit of John Apida, the Craftsman Lawn and Garden Product Manager of Group Engineering for Sears, Roebuck and Co.  Apida set forth in his affidavit that Sears was not the manufacturer of the subject tractor but instead, the manufacturer was Husqvarna Consumer Outdoor Products N.A., Inc. (Husqvarna").  Dykes has now filed a Motion to Amend her Complaint to add Husqvarna **[#29]**.

Dykes further alleges that all defendants, whether known and unknown, exercised substantial control over the subject tractor and are liable for (i) negligent design and assembly of the subject tractor, (ii) negligent composition of the operator's manual, (iii) failing to adequately instruct and advise of the proper and safe use and operation of the subject tractor, (iv) failing to perform adequate pre-delivery inspection of the subject tractor, (v) failing to adequately warn of dangers and operating characteristics associated with the activation, use and operation of the subject tractor, and (vi) other unspecified "negligent acts or omissions of Sears".  Dykes alleges that all defendants proximately caused her injuries are liable therefore, and specifically relies on Miss. Code Ann. §11-1-63.

## Standard of Review

Sears has filed its motion to dismiss pursuant to Rule 12 of the Federal Rule of Civil Procedure.  While not limiting the motion to subdivision (b)(6) of Rule 12, Sears' legal argument is couched that way.  Rule 12(c) also provides an avenue for the court

to consider the sufficiency of Dykes' pleadings.  The standard of review under Rule 12(c) is the same as under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004).  However, since Sears has presented the affidavit of Apida, it also recognizes that the motion must be converted into one for summary judgment under Rule 56, if the court considers that affidavit.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, it must be dismissed under Rule 12(b)( 6), and, therefore, under Rule 12(c), unless it contains sufficient facts to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).  A complaint does not pass muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, _ US. _, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990). However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss. *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).

Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial. Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it. If any matters outside the complaint are considered, the motion is converted to one for summary judgment. Regarding such conversion, Rule 12(d) provides specifically;

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Thus, "The element that triggers the conversion is a challenge to the sufficiency

-4-

of the pleader's claim supported by extra-pleading material.  It is not relevant how the defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).

`       Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

On a 12(b)(6) motion, of course the Court must view all well-pleaded facts as true and in the light most favorable to the non-moving party.  However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

Dykes argues that Sears has couched its motion in the form of a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure but relies heavily and substantially upon matters outside the pleadings, specifically the Affidavit of John Apida.  Dykes concedes that a Rule 12(b)(6) Motion must be treated as one for summary judgment under Rule 56 if extrinsic matter outside the pleadings are considered.  She also argues that it would absolutely be incumbent upon the Court to consider the affidavit of John Apida in ruling upon the motion before the Court.  Dykes

points out that otherwise, the Court would simply be ruling upon the arguments of defense counsel.  Dykes concludes that in every instance, Sears supports every statement of any substance related to its motion with the alleged deficient and non-factual affidavit of John Apida.

Therefore, it is clear that if the court is to consider the Affidavit of John Apida, and the additional Affidavit of Keith Degner of Husqvarna, filed by Sears along with its rebuttal, the Motion to Dismiss must be converted into one for summary judgment under Rule 56.  The standard of review for motions for summary judgment as often quoted by the court is as follows:

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

-6-

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating

[entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

-8-

**Discussion and Analysis**

In September 2004, the Mississippi legislature amended the Mississippi Products Liability Act to provide express immunity to innocent sellers of products. *See, Haley ex rel Davis v. Hammett Automobiles, Inc.*, 341 F. Supp. 2d 634, 637 (S.D. Miss. 2004). Under §11-1-63(h), otherwise known as the "innocent seller defense", the seller of a product is immune from liability, subject to certain exceptions, in all actions alleging that the product is defective pursuant to §11-1-63(a)—that is:

> (i)(1) The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or (2) [t]he product was defective because it failed to contain adequate warnings or instructions, or [t]he product was designed in a defective manner, or (3) [t]he product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and (ii) [t]he defective condition rendered the product unreasonably dangerous to the user or consumer; and (iii) [t]he defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Stated another way, §11-1-63(h) provides immunity to "innocent sellers 'in and from liability in traditional product liability cases, subject to certain exceptions.'" *See, e.g., Jones v. General Motors Corp.,* 2007 WL 1610478, at *3 (S.D. Miss. June 1, 2007); *Baggett v. Yamaha Motor Co., Ltd.*, 2006 WL 1520539 (S.D. Miss. May 31, 2006).

Sears alleges that the Complaint fails to state a viable claim against Sears, as it is expressly immunized from liability pursuant to Miss. Code Ann. §11-1-63(h).  Sears points to Apida's Affidavit to support its contention that it merely sold the subject tractor to Dykes and is an "innocent seller."

In her Complaint, Dykes asserts that Sears is liable for negligent design, development, manufacture and testing, along with failure to adequately warn, breach of implied warranty and breach of express warranty, and expressly invokes Miss. Code Ann. §11-1-63.  Thus, according to Sears, unless one of the specific exceptions to the innocent seller defense is triggered, Sears is expressly immunized from liability pursuant to §11-1-63(h).

Under the statute, the "innocent seller defense" is inapplicable if: (1) "the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought;" (2) "the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery is sought;" or (3) "the seller had actual knowledge or constructive knowledge of the defective condition of the product at the time he supplied the product."  Miss. Code Ann. §11-1-63(h).  Sears asserts that it simply sold the subject tractor to Dykes, serving as a "mere conduit" in the stream of commerce.  *See Baggett*, 2006 WL 1520539, at *2.

Dykes candidly admits that there is no doubt that §11-1-63(h) provides immunity to innocent sellers who are not actively negligent but instead are mere conduits of a product.  However, she also points out that a conduit seller remains liable if in fact the seller is actively negligent or the seller has altered or modified the product and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is being sought.  Miss. Cod Ann. §11-1-63(h).  Dykes asserts that the affidavit upon which Sears relies to profess its entitlement to immunity not only contains false information but is not based upon personal knowledge and does not set

forth facts which would be admissible in evidence nor does it establish that the affiant, John Apida is competent to testify to the subject matters set forth therein.  F.R.C.P. 56(e).

Specifically, Dykes argues that while Apida under oath sets forth that Dykes purchased the Sears Craftsman riding tractor from Sears some time in 2003, he is absolutely incorrect.  In fact, it appears that she and her husband purchased it from an individual.  Secondly, Dykes states that  Apida sets forth in Paragraph 6 of his affidavit that "typically, Sears would receive the tractor . . . from Husqvarna in a sealed box which would contain . . . the user's manual, among other things, safety instructions and warnings, assembly instructions, usage instructions, maintenance instructions and a part list."  Dykes points out that notably absent is any statement from the affiant that the lawnmower at issue in this case came in a sealed box and was accompanied by the materials as referenced in Paragraph 6 of his affidavit.

Dykes continues that while the affiant states that given the vast number and variety of products which it sells, it could not have the level of expertise and know that its products are properly designed, tested, manufactured and fit for their intended uses but admits that Sears' employees and/or third party contractors retained by Sears, who have no expertise in the handling of these lawnmowers assemble the products by allegedly following the "assembly instructions provided by the manufacturer."  Dykes then argues that nowhere does Apida, on personal knowledge and information, state that the lawnmower that is at issue in his case was in fact assembled by a Sears employee.  Furthermore, Dykes contends that Apida states on his oath that, without any personal knowledge of facts or information or other documentary evidence to

-11-

substantiate same, "if in fact the subject tractor was assembled by a Sears' employee, it would have been assembled in accordance with manufacturer's assembly instructions." Dykes correctly asserts that these speculative thoughts and statements are not the type and kind of competent testimony which would otherwise be admissible in evidence and would be unacceptable for the Court to consider pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Accordingly, as Dykes argues, Apida's affidavit should not be considered to the extent that it is not based on testimony which would otherwise be admissible at trial.

Thus, Dykes argues that without knowing the manner in which the product was delivered to Sears, without knowing what, if any, user manual, assembly instructions, usage instructions, maintenance instructions and/or parts list accompanied the subject tractor, or whether in fact the tractor was even assembled by a Sears' employee, one cannot conclude under oath that the product was not altered or modified by Sears who is attempting to rely upon the defense of innocent seller.  Nor could one reasonably conclude without any supporting basis as to how the product arrived at Sears or who in fact actually assembled it such that Sears was simply a "mere conduit" of the lawnmower, according to Dykes.

In rebuttal to Dykes' response, and in an asserted effort to further clarify the question of Sears' role in the manufacture and/or the assembly of the subject tractor, Sears attached the affidavit of Keith Degner, Product Safety and Certification Manager for Husqvarna, the manufacturer of the subject tractor.  Similar to the Apida affidavit, Degner asserts that Husqvaran was responsible for the manufacture of the subject tractor and Sears neither designed nor manufactured the subject tractor.  Degner's

affidavit also states that Sears had no responsibility for the assembly of the transaxle which is the alleged defective part of the subject tractor. "The subject tractor would have been delivered to Sears with the transaxle already manufactured and assembled." Degner Affidavit at ¶ 7. The Degner affidavit also states, "[t]he User's Manual and the warnings and instructions located on the product itself are designed and prepared by the manufacturer, Husqvarna; and Husqvarna is responsible for the substance of all such instructions and warnings." Degner Affidavit at ¶ 6.

## Conclusion

The court concludes that Dykes has certainly met the pleading requirements to survive any motion under Rule 12 as to defendant Sears. As to summary judgment, the court finds that there are numerous issues of fact germane to the innocent seller defense of Sears that have not been developed, to the satisfaction of the court, related to Sears' role in assembling and handling the subject mower prior to its receipt by Dykes. This issue is further muddied by the revelation that Dykes actually purchased the mower from an individual, not Sears. Additionally, the Degner Affidavit provided by Sears only in its rebuttal, opens up new avenues of factual dispute. Indeed, Dykes has moved to amend her Complaint to add Husqvarna as a defendant. That motion should be granted.

It is just too early in the proceedings to decide whether Sears is entitled to the innocent seller defense. It may well be, but Dykes has not had sufficient opportunity to discover and develop the facts she has alleged at this early stage as required by Rule 12(d). The court would encourage counsel for Dykes to carefully consider this defense

after additional discovery, and, if unable to offer a genuine issue of fact on this matter, to not unnecessarily prolong the proceedings as to this defendant.

The court also concludes that Dykes' Motion for Leave to File Amended Complaint **[#29]** to add Huqvarna as a defendant and her husband as a plaintiff is granted but denied as to Sears Holdings Corporation, who has already been dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#24]** filed on behalf of the defendant, Sears, Roebuck and Co. is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Dykes' Motion for Leave to File Amended  Complaint **[#29]** to add Huqvarna as a defendant and her husband as a plaintiff is granted but denied as to Sears Holdings Corporation, who has already been dismissed.

SO ORDERED AND ADJUDGED this the 1st day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE