IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RHONDA J. DYKES, ET AL.**                                                              **PLAINTIFFS**

v.                                                                         Civil Action No. 2:10cv119-KS-MTP

**SEARS ROEBUCK & CO., ET AL.**                                                    **DEFENDANTS**

## ORDER

This matter is before the court on the Motion to Strike [80] Objections to Deposition Notice filed by Plaintiffs. Having considered the submissions of the parties and the applicable law, the court finds that the Motion should be denied.

In their Motion [80], Plaintiffs move the court to strike the objections of the Defendant Husqvarna Outdoor Products, N.A., Inc. ("Husqvarna") to Plaintiffs' Rule 30(b)(6) deposition notice of Husqvarna, filed on January 17, 2012. Plaintiffs allege the objections should be stricken because they were untimely filed and because they are moot, as the deposition was taken on January 16, 2012.

In response, Husqvarna claims that the objections at issue (Ex. A to Notice [78-1]) were served on Plaintiffs' counsel on January 12, 2012, prior to the deposition. Husqvarna claims that Plaintiffs' counsel asked questions that were above and beyond the scope of the deposition as previously agreed upon by the parties, and that it filed its objections (Notice [78]) to preserve the record. Husqvarna further points out that Plaintiffs failed to file a memorandum in support of their Motion to Strike, as required by Local Rule 7(b)(4).

Plaintiffs failed to attach a good faith certificate to their motion in compliance with L.U. Civ. R. 37(a), and failed to file a supporting memorandum in compliance with L.U. Civ. R. 7(b)(4) . For these reasons alone, the motion should be denied.

Despite the procedural deficiencies, Plaintiffs have failed to establish they are entitled to the relief requested. Plaintiffs did not cite to any authority supporting their position. Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An order striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962). A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus,* 306 F.2d at 868. While Plaintiffs correctly point out that the objections were not filed until after the deposition occurred, they have failed show that the objections should be stricken from the record. By making this finding, the court in no way concludes that the objections are meritorious or in any way affect the testimony given during the deposition. Accordingly,

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Strike [80] is DENIED.

SO ORDERED AND ADJUDGED this the 9th day of February, 2012.

                                             s/ Michael T. Parker
                                             United States Magistrate Judge